# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KEVIN GOMEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEANNE S. WOODFORD,<br><br>　　　　Respondent. | 1:06-cv-0586-OWW-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR UNTIMELINESS [Doc. 1]<br><br>ORDER REQUIRING RESPONSE TO ORDER TO SHOW CAUSE WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On or about January 26, 2006, Petitioner filed the instant petition in the United States District Court for the Northern District of California. The petition is dated January 2, 2006. (Doc. 1-2, 1-7). On May 15, 2006, the matter was transferred to this Court. (Doc. 1). In the petition, Petitioner challenges the results of a prison disciplinary hearing after which he was found guilty of battery on an inmate with a weapon. (Doc. 1-2).

## DISCUSSION

A. Preliminary Screening.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). The Advisory

1  Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus,
2  either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an
3  answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

4    The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte*
5  a habeas petition on statute of limitations grounds so long as the court provides the petitioner
6  adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

7    B.  Statute of Limitations.

8    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
9  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
10 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063
11 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586
12 (1997).  As the instant petition was filed on January 26, 2006, it is subject to the provisions of the
13 AEDPA.

14   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
15 petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
16 reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner challenges a disciplinary hearing that was held on July 11, 2002. Petitioner appealed the results of the hearing up through the Director's Level, which denied his appeal on December 20, 2002. Petitioner then started a "round" of state court habeas proceedings to exhaust his claims, beginning with a petition in the Superior Court of Monterey County, which denied his petition on June 27, 2003. (Doc. 1-2, p. 48). On November 19, 2003, the California Court of Appeal, Sixth Appellate District denied his petition. (Doc. 1-2, p. 47). On September 22, 2004, the California Supreme Court denied his petition. (Doc. 1-2, p. 46). Thereafter, it appears that Petitioner attempted to pursue a civil rights claim in the Northern District of California, which was dismissed on October 14, 2005. (Doc. 1-2, p. 52). As mentioned, the instant petition, which is dated January 2, 2006, was filed on January 26, 2006.

Thus, absent any type of tolling, the statute of limitations would have commenced on September 23, 2004, when the California Supreme Court denied Petitioner's state habeas petition. Petitioner would then have had one year until September 23, 2005, absent applicable tolling, to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this case, Petitioner does not allege any circumstances that would entitle him to additional statutory tolling beyond what has already been discussed. Although Petitioner filed a federal civil rights lawsuit in the Northern District of California subsequent to the California Supreme Court's denial of his state petition, the pendency of a civil rights lawsuit in federal court would not entitled Petitioner to statutory tolling under the AEDPA. See Duncan v. Walker, 531 U.S. 991 (2001)(Under 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not toll for the time a federal application for writ of habeas corpus is pending in federal court).

///

///

1      Accordingly, the instant petition appears to be untimely by more than three months. Even if
2 the Court were to rely on the January 2, 2006 signature date on the petition, the petition would still
3 be untimely.

4 **ORDER**

5      Therefore, Petitioner is ORDERED to SHOW CAUSE why the instant Petition for Writ of
6 Habeas Corpus should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).
7 Petitioner is GRANTED twenty (20) days from the date of service of this order to respond in writing.
8      Petitioner is forewarned that his failure to comply with this Order may result in Findings and
9 Recommendations that the instant Petition for Writ of Habeas Corpus be dismissed pursuant to Local
10 Rule 11-110.

11

12 IT IS SO ORDERED.

13 Dated:   **December 12, 2007**                                  **/s/ Theresa A. Goldner**
14                                                                                            UNITED STATES MAGISTRATE JUDGE